# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 HEALTH AND WELFARE TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>  and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 RETIREMENT PLAN TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>  and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 OCCUPATIONAL SAFETY, HEALTH AND EDUCATION TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>  and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 NORTHEAST APPRENTICESHIP AND TRAINING TRUST FUND<br>3455 Germantown Pike<br>Collegeville, PA 19426,<br>  and<br>NATIONAL ELECTRICAL BENEFIT FUND<br>1500 Walnut Street, Suite 1630<br>Philadelphia, PA 19102,<br>  and<br>ELECTRICAL INDUSTRY ADMINISTRATIVE MAINTENANCE TRUST OF NORTHEASTERN LINE CONSTRUCTORS CHAPTER, NECA<br>700 White Plains Road, Suite 271<br>Scarsdale, NY 10583-5063,<br>  and<br>NECA-IBEW NATIONAL LABOR-MANAGEMENT COOPERATION COMMITTEE<br>2003 Renaissance Blvd.<br>King of Prussia, PA 19406,<br>  and | CIVIL ACTION<br>NO. |

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL
UNION 126, AFL-CIO,
3455 Germantown Pike
Collegeville, PA 19426,

        Plaintiffs,

v.

BLUE HEN UTILITY SERVICES, INC.
473 Old Airport Road #4
New Castle, DE 19720,

        Defendant.

## COMPLAINT

This is an action to collect delinquent employee benefit fund contributions pursuant to the Employee Retirement Income Security Act, as amended (hereinafter "ERISA"), 29 U.S.C. §1001 *et. seq.*, and the Labor Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. §185 *et. seq.*

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f) and §1451(a)(1), (b) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§4502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d); LMRA §301(c), 29 U.S.C. §185(c); and 28 U.S.C. §1391, as the Plaintiffs' offices are located in the Eastern District of Pennsylvania.

**PARTIES**

3.    At all times relevant hereto, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 126 Health and Welfare Trust Fund (hereinafter the "Health Fund"), International Brotherhood of Electrical Workers Local Union No. 126 Retirement Plan Trust Fund (hereinafter the "Retirement Fund"), International Brotherhood of Electrical Workers Local Union 126 Occupational Safety, Health and Education Trust Fund (hereinafter the "OSHE Fund"), and International Brotherhood of Electrical Workers Local Union No. 126 Northeast Apprenticeship and Training Trust Fund (hereinafter the "NEAT Fund") (collectively the "Local Funds") are "multi-employer plans" and "employee benefit plans" within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. §1002(2) and (3), which are respectively maintained for the purpose of providing health, retirement, training, and education concerning occupational safety and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA. The Local Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1), and maintain their principal places of business at 3455 Germantown Pike, Collegeville, Pennsylvania 19426.

4.    At all times relevant hereto, the National Electrical Benefit Fund (hereinafter the "NEBF") is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers (hereinafter "IBEW") and the National Electrical Contractors Association. The NEBF maintains an office within the Eastern District of Pennsylvania at 1500 Walnut Street, Suite 1630, Philadelphia, PA 19102.

5. At all times relevant hereto, the Electrical Industry Administrative Maintenance Trust of Northeastern Line Constructors Chapter, NECA (hereinafter the "NELCAF") is a Fund administered by the Northeastern Line Constructors Employee Benefit Board to pay the costs of contract administration of the Utility labor agreement. The NELCAF maintains its principal place of business at 700 White Plains Road, Suite 271, Scarsdale, NY 10583-5063.

6. At all times relevant hereto, the NECA-IBEW National Labor-Management Cooperation Committee (hereinafter the "NLMCC") is an unincorporated association established pursuant to Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. §175(a) and Section 302(c)(9) of the LMRA, 29 U.S.C. §186(c)(9), for the purposes of establishing better communication and cooperation between labor and management. The NLMCC maintains its principal place of business within the Eastern District of Pennsylvania at 2003 Renaissance Boulevard, King of Prussia, PA 19406.

7. At all times relevant hereto, Plaintiff Local Union No. 126 of The International Brotherhood of Electrical Workers, AFL-CIO (hereinafter the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant Blue Hen Utility Services, Inc., who is and/or was employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. "152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12). The Union maintains its principal place of business at 3455 Germantown Pike, Collegeville, Pennsylvania 19426.

8. Defendant, Blue Hen Utility Services, Inc. (hereinafter the "Contributing Employer"), is an employer in an industry affecting commerce within the meaning of section 3(5), (11) and (12) of ERISA, 29 U.S.C. §§1102(5), (11) and (12), and an "employer" within the

meaning of section 301(a) of the LMRA, 29 U.S.C. §185(a) with a place of business located at 473 Old Airport Road #4, New Castle, Delaware 19720.

**BACKGROUND**

9. The Contributing Employer adopted and agreed to be bound by the Utility Agreement between the Northeast Line Constructors Chapter, NECA and Local Union No. 126, IBEW, effective between September 28, 2015, and September 29, 2019 (hereinafter the "Utility CBA") and the Commercial Agreement between the National Electrical Contractors Association, Inc. and the Penn-Del-Jersey Chapter of the National Electrical Contractors Association, Inc. effective between May 29, 2017, and May 31, 2020 (hereinafter the "Commercial CBA") (Utility CBA and Commercial CBA, collectively the "CBAs"). A true and correct copy of the Utility CBA is attached hereto as Exhibit A, and a true and correct copy of the Commercial CBA is attached hereto as Exhibit B.

10. Pursuant to the terms of the CBAs, the Contributing Employer was obligated to make full and timely payments to the Plaintiffs on a monthly basis on behalf of its employees based upon the number of hours worked and/or the gross wages paid to such employees. See Exhibit A, at Article III, Section 3:16, Article X, Section 10:11, and Articles XI through XIII (pp. 6, 19-27); Exhibit B, at Article III, Section 3:10, Article XI, Section 11.10, and Articles XII through XIV (pp. 5, 26-35).

11. Pursuant to the CBAs, the Trustees of the Plaintiffs require that the Contributing Employer submit a monthly remittance report along with its payments, documenting the hours

worked and the gross wages paid to each employee and the basis for the amounts submitted for that month.

## COUNT I
## Amounts Due Under ERISA and LMRA

12. The above paragraphs are incorporated herein by reference as though duly set forth at length.

13. The Contributing Employer submitted remittance reports documenting that a total of $35,582.96 in principal contributions and remittances were due for the months of December 2017 through February 2018. True and correct copies of the remittance reports are attached hereto as Exhibit C.

14. The Contributing Employer failed to pay the delinquent December 2017 through February 2018 payments.

15. In addition, the Contributing Employer paid the March 2018 through July 2018 contributions late, without paying a total of $756.82 in interest that accrued on those late-paid contributions.

16. On July 12, 2018, Plaintiffs, through their administrator Richard Muttik, sent a letter to the Contributing Employer demanding payment of the delinquent amounts. A true and correct copy of the July 12, 2018 letter is attached hereto as Exhibit D.

17. The Contributing Employer failed and refused to respond to the July 12, 2018 letter.

18. On August 7, 2018, Plaintiffs, through their attorney, sent a letter to the Contributing Employer demanding that it submit payments for the above delinquency. A true and correct copy of the August 7, 2018 letter is attached hereto as Exhibit E.

19. The Contributing Employer failed and refused to respond to the August 7, 2018 letter.

20. By entering into the CBAs, the Contributing Employer agreed to adopt and comply with the terms of the Trust Agreement establishing the Local Funds and NEBF, including the rules established pursuant to those Trust Agreements.

20. Pursuant to the Trust Agreements, the Trustees of the Local Funds have established a policy for delinquent contributions (hereinafter the "Delinquency Policy") which states that any delinquent contribution accrues interest at a rate of one percent (1%) per month or part of a month that it is delinquency, and liquidated damages equal to ten percent (10%) of the principal delinquency. A true and correct copy of the Delinquency Policy is attached hereto as Exhibit F.

26. Pursuant to ERISA and the Delinquency Policy the Contributing Employer owes interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. §§1132(g)(2)(B)-(D)

WHEREFORE, plaintiffs ask that the Court:

(a) Enter judgment in favor of the plaintiffs and against the defendant Contributing Employer for $35,582.96 in principal delinquent contributions for the months of December 2017 through February 2018, pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(A);

(b) Enter judgment in favor of plaintiffs and against the defendant Contributing Employer for interest on the principal amounts in (a), calculated at a rate of one percent per month or portion of a month they are delinquent, pursuant to the CBAs, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(B);

  (c) Enter judgment in favor of the plaintiffs and against the defendant Contributing Employer for $756.82 in additional interest charges accrued on late-paid contributions for the months of March 2018 through July 2018, pursuant to the CBAs, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(B);

  (d) Enter judgment in favor of the plaintiffs and against the defendant Contributing Employer for $1,809.45 in liquidated damages on the principal amounts in (a), pursuant to the CBAs, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(C);

  (e) Enter judgment in favor of the plaintiffs and against the defendant Contributing Employer for attorneys' fees and costs pursuant to the CBAs, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(D); and

  (f) Grant any other further relief the Court finds just and proper.

## COUNT II
### Payroll Audit

27. The above paragraphs are incorporated herein by reference as though duly set forth at length.

28. The amounts due each month are based on the remittance reports that are prepared by the Contributing Employer and submitted to the Plaintiffs.

29. The documents necessary to check the accuracy of the remittance reports are the Contributing Employer's financial books and records, which are in the exclusive possession and control of the Defendant Contributing Employer.

30. In order to check the accuracy of those reports, Plaintiffs employ an outside auditor to confirm that the correct amounts were reported and paid to the Plaintiffs.

31. Any hardship the Contributing Employer will incur by being ordered to provide the Plaintiffs auditor with access to its books and records is outweighed by the interest of the Plaintiffs

to assure that the correct amounts are reported and paid to the Plaintiffs by the Contributing Employer, as required by the CBAs and ERISA.

32. There is no adequate remedy at law.

33. Under ERISA, the Local Funds and NEBF are authorized to seek equitable relief against a contributing employer, which includes legal action to compel a contributing employer to submit to an audit. 29 U.S.C. §1132(a)(3)(B).

WHEREFORE, plaintiffs ask that the Court:

(a) Enter an Order requiring the Contributing Employer to produce the books and records necessary to conduct a payroll audit to determine the amounts owed to the Plaintiffs for the period from January 1, 2017, to present;

(b) Enter judgment in favor of the Plaintiffs and against the defendant Contributing Employer for any additional amounts revealed to be owed by the audit; and

(c) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street
Philadelphia, PA 19106
(215) 735-9099

Dated: September 19, 2018